**Peter B. COOPER and Donna K. Cooper, Plaintiffs,**

v.

**J. Robert STARKEY and the United States of America, Defendants.**

No. 84 C 4047.

United States District Court, N.D. Illinois, E.D.

May 24, 1984.

Bernard Wiczer & Fred R. Harbecke, Wiczer & Associates, Ltd., Chicago, Ill., for plaintiffs.

James Wilkens, Dept. of Justice, Tax Div., Washington, D.C., for defendants.

MEMORANDUM ORDER

ASPEN, District Judge:

Defendants' motion to dismiss plaintiffs' complaint for lack of subject matter jurisdiction is granted. Plaintiffs assert that jurisdiction in this case is based on 26 U.S.C. §§ 6213(a) and 7421(a) and upon this Court's equitable powers. Section 7421(a) provides that, with limited exceptions, suits to restrain the assessment or collection of any tax may *not* be maintained in any court by any person. One exception to this prohibition is found in section 6213(a),

which plaintiffs contend is applicable to this case. However, section 6213(a) merely allows a taxpayer who has received a notice of deficiency from the Internal Revenue Service ("IRS") to petition the Tax Court within ninety days for a redetermination of the deficiency. If the IRS attempts to collect a tax deficiency without giving the taxpayer written notice of the deficiency or without waiting ninety days after mailing the notice of deficiency or without waiting for a final decision of the Tax Court in a case where the taxpayer petitions that court for relief, then the taxpayer may seek injunctive relief "by a proceeding in the proper court." The provisions of section 6213(a), however, have no bearing on the present case.

Plaintiffs argue that they never received proper written notice of a deficiency from the IRS. Although plaintiffs did receive a notice letter on or about August 15, 1983, they argue that the statute of limitations had already run, thus invalidating the notice letter. Because the statute of limitations had lapsed, plaintiffs assert that they could not contest the notice of deficiency in the Tax Court. However, petitioning the Tax Court is precisely what plaintiffs *should* have done. The Rules of the Tax Court, promulgated under the authority of 26 U.S.C. § 7453, include the following:

Rule 39. Pleading special matters

A party shall set forth in his pleading any matter constituting an avoidance or affirmative defense, including res judicata, collateral estoppel, estoppel, waiver, duress, fraud, and the *statute of limitations*. A mere denial in responsive pleading will not be sufficient to raise any such issue. (Emphasis added).

Thus, the plaintiffs' situation has been legislatively anticipated and provided for in the Tax Court system. Instead of ignoring the notice letter (which defendants ac-

knowledge conformed to section 6213(a) "in all respects, other than that the statute of limitations had run"), plaintiffs should have raised their defense before the Tax Court.[1] This case does not fall within the scope of section 6213(a)'s exception to section 7421(a).

This Court is without jurisdiction unless plaintiffs first pay the assessed tax and then sue the United States for a refund. If plaintiffs desire to contest the tax assessment before payment, they must take their case to the Tax Court. *See Flora v. United States*, 362 U.S. 145, 80 S.Ct. 630, 4 L.Ed.2d 623 (1960).[2]

Accordingly, defendants' motion to dismiss is granted. It is so ordered.

---

1. The cases cited by plaintiffs are inapposite; in those cases, the IRS either sent no notice of deficiency or mailed notice to a wrong address.

2. In the event that plaintiffs have waited too long to obtain relief from the Tax Court, their only recourse may be to pay the tax and sue in this Court for a refund. "If [the taxpayer] per-

mits his time for filing such an appeal to expire, he can hardly complain that he has been unjustly treated, for he is in precisely the same position as any other person who is barred by a statute of limitations." *Flora*, 362 U.S. at 175, 80 S.Ct. at 646.